UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                   19-cr-395 (PKC)

      -against-                              OPINION
                                               AND ORDER

VANCE COLLINS, a/k/a "Big AK," and
RAMON RAMIREZ, a/k/a "Obendy,"

                Defendants.
------------------------------------------------------------x

CASTEL, U.S.D.J.

        Defendants Vance Collins and Ramon Ramirez are charged with murder-for-hire and murder-for-hire conspiracy in violation of 18 U.S.C. § 1958. On December 13, 2019, this Court held a hearing on defendants' respective pretrial motions. The Court reserved decision on Ramirez's motion, in which Collins joins, to dismiss the indictment for lack of federal jurisdiction pursuant to Rule 12(b)(2), Fed. R. Crim. P. (Doc 20.) For the reasons set forth below, this motion will be denied.

        Defendants make an as-applied challenge to 18 U.S.C. § 1958, which provides, in relevant part: "Whoever . . . uses or causes another (including the intended victim) to use the mail or any facility of interstate or foreign commerce, with the intent that a murder be committed in violation of the laws of any State or the United States for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value, or who conspires to do so, shall be fined under this title or imprisoned for not more than ten years, or both . . . ." 18 U.S.C. § 1958(a). Section 1958(b)(2) defines a "facility of interstate or foreign commerce" to "include[] means of transportation and communication." Defendants argue that any meetings, travel, or

phone calls that may form the basis of the government's case here were purely intrastate in nature, and therefore do not satisfy the jurisdictional element of section 1958. (Doc 22.) In other words, defendants contend that a facility of interstate commerce must actually be "used in an interstate manner" for jurisdiction to be proper. (Id. at 8.) (emphasis in original). The Court disagrees.

Telecommunications networks are facilities of interstate commerce properly regulated pursuant to Congress's Commerce Clause power. See United States v. Lopez, 514 U.S. 549, 558-59 (1995) (identifying three categories of activities that come within Congress's power to regulate under the Commerce Clause, including 1) "channels of interstate commerce" and, 2) "instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities."); United States v. Giordano, 442 F.3d 30, 39 (2d Cir. 2006) ("[W]e reached the unremarkable conclusion that the national telephone network is a 'facility of interstate . . . commerce' for purposes of the federal murder-for-hire statute") (citing United States v. Perez, 414 F.3d 302, 304 (2d Cir. 2005) (per curiam)). Here, defendants do not challenge the constitutionality of 18 U.S.C. § 1958. (Doc 22 at 8-9.) Cases concerning challenges to the murder-for-hire statute as unconstitutional, therefore, are inapposite. See, e.g., United States v. McGriff, 287 F. App'x 916, 918 (2d Cir. 2008) ("McGriff challenges the constitutionality of the federal murder-for-hire statute, 18 U.S.C. § 1958, which he says violates the Commerce Clause.")

The Second Circuit has addressed the question of whether intrastate communications using a facility of interstate commerce are sufficient to sustain murder-for-hire charges, and concluded that they are.[1] In Perez, the Second Circuit concluded that Perez's phone

---

[1] The communications at issue in Perez were telephone calls made over the Southern New England Telephone ("SNET") network, which "provide[d] local customers with access to long-distance calling plans," rendering SNET

calls over the SNET network to the murder-for-hire victim, all of which were routed within the state of Connecticut, were a proper basis to prosecute Perez on murder-for-hire charges. 414 F.3d at 303-305. Defendants argue that Perez's holding was limited to interpreting whether, before 18 U.S.C. § 1958 was amended to read "facility of interstate commerce," the phrases "of interstate commerce" and "in interstate commerce" were synonymous. Id. at 304; (Doc 22 at 9-10.) This interpretive question, however, is not divorced from the issue of whether usage of facilities of interstate commerce must actually be interstate. The Courts of Appeals had been "split on the question of whether the actual use by the defendant must be an interstate one." Perez, 414 F.3d at 304. Courts that had found no distinction between use of a facility "in" versus "of" interstate commerce held that the jurisdictional element of 18 U.S.C. § 1958 was satisfied "irrespective of whether the particular usage in question was itself _interstate_ or _intrastate_, so long as the facility is one involved in interstate commerce." Id. (citing United States v. Marek, 238 F.3d 310, 313 (5th Cir. 2001); United States v. Richeson, 338 F.3d 653, 660 (7th Cir. 2003) (emphasis in original). The Second Circuit adopted this reasoning, and applying the synonymity of "facility of interstate commerce" and "facility in interstate commerce" to Perez, concluded that his intrastate use of a facility of interstate commerce properly subjected him to prosecution for murder-for-hire. Id. at 304-305. Further, the Second Circuit has held that intrastate uses of facilities of interstate commerce are sufficient to meet jurisdictional elements in other contexts. See, e.g., United States v. Halloran, 821 F.3d 321, 342 (2d Cir. 2016) ("intrastate use of an interstate facility is sufficient to violate the Travel Act," citing Perez); Giordano, 442 F.3d at 38-40 (violation of 18 U.S.C. § 2425 prohibiting the transmission of a minor's name and other

---

a facility of interstate commerce. 414 F.3d at 303. The court did not state whether these calls were made using a landline or a mobile device.

personal information for specified purposes was satisfied by intrastate use of a telephone, citing Perez).

Defendants rely on two district court cases, United States v. Paredes, 950 F. Supp. 584 (S.D.N.Y. 1996) and United States v. Stevens, 842 F. Supp. 96 (S.D.N.Y. 1994), to argue that intrastate use of facilities of interstate commerce—namely, telephone calls—is insufficient to meet the jurisdictional element of section 1958. (Doc 22 at 5-6; 8; 10-13.) This argument is misplaced. First, Perez overruled Paredes. Giordano, 442 F.3d at 39, n.10. Second, Stevens held that the particular intrastate use of an interstate system of telecommunications—in that case, a pager system—was not an intrastate act, regardless of the communications' routing path. 842 F. Supp. at 98. In dicta, the court noted that an intrastate phone call routed interstate would be distinct from the use of a pager system. Id. However, Stevens was decided before Perez, and its consideration of intrastate phone calls was not part of its holding.

The nature of defendants' use of facilities of interstate commerce is not decisive of the jurisdictional element of 18 U.S.C. § 1958. It is enough, consistent with Second Circuit precedent, that defendants are alleged to have traveled in, caused others to travel in, used or caused others to use the facilities of interstate commerce. See United States v. Goldberg, 756 F.2d 949, 950 (2d Cir. 1985) (on a motion to dismiss an indictment, the Court treats the allegations in the indictment as true); United States v. Rubin/Chambers, Dunhill Ins. Servs., 798 F. Supp. 2d 517, 522 (S.D.N.Y. 2011) (citing Goldberg for the proposition that a court takes the allegations in an indictment as true when considering a motion to dismiss pursuant to Rule 12(b), Fed. R. Crim. P.) Therefore, the jurisdictional element of 18 U.S.C. § 1958 is satisfied here.

For these reasons, defendants' motion to dismiss for lack of jurisdiction is DENIED. The Clerk is directed to terminate the motion (Doc 20).

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
December 18, 2019